[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR SPECIAL FINDING
The defendant, Louis Chiocchio, has moved the court to make a special finding in this case pursuant to Connecticut General Statutes § 52-226a that "from the time the defendant Louis Chiocchio entered the case, December 20, 1994, through the date of this motion, that the actions, defenses, and purported appeals by the defendant, Brian Alden, were without merit, and were not brought or asserted in good faith.
Connecticut General Statutes § 52-226a provides:
 In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568.
This is a foreclosure action in which a judgment of foreclosure by sale was ordered. On November 28, 1994 the court approved the sale to the Louis Chiocchio, who moved to be made and was made a defendant in the action. On January 20, 1995 Brian Alden filed an appeal of the Court's approval of the sale. Or. May 10, 1995 the appeal was dismissed by the Appellate Court. Thereafter, Alden moved to reargue the dismissal. On June 29, 1995 the court granted the defendant Chiocchio's Motion to Terminate the Stay, after finding that the appeal was taken solely for the purposes of delay.
Although the court has already found that Brian Alden's appeal was taken solely for the purpose of delay, it cannot grant the present Motion. By its terms § 52-226a applies only where an CT Page 9984 "action or defense to an action" was without merit and was not asserted in good faith. It does not apply to the merits of an appeal or the lack of good faith in asserting same.
By the court,
Aurigemma, J.